TCC:st 080701

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARCUS GORDON, BRIAN E. RODGERS, JERMAINE S. HOLMES and ERICK B. ROSS,<br><br>                    Plaintiffs,<br>       vs.<br>AT & T ENTERPRISE SEVICES, INC.<br>                    Defendant. | NO.   08 C 2064<br><br>Judge Hibbler<br><br>Magistrate Judge Nolan |

### FIRST AMENDED COMPLAINT

Plaintiffs, Marcus Gordon, Brian E. Rodgers, Jermaine S. Holmes and Erick B. Ross, by and through their attorney, Thomas C. Crooks, complain of the defendant, AT & T Enterprise Services, Inc. ("AT&T"), as follows:

### NATURE OF THE ACTION

1.    Plaintiffs bring this civil action for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981, based on acts of racial discrimination in violation of Plaintiffs' rights under federal law and the Equal Protection Clause of the United States Constitution.

2.    Plaintiffs, all African-American, were hired by AT & T as systems engineers during the summer of 2006.  Plaintiffs were discriminated against, because of their race, by their supervisor, in the terms and conditions of their employment throughout the period they worked for AT & T. Plaintiffs were subsequently terminated from their employment because of their race.

### JURISDICTION AND VENUE

3.    Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3) and 42 U.S.C. § 2000e-5(f).

4.     Rodgers and Gordon filed their charges of discrimination with the Equal Employment Opportunity Commission on November 28, 2006, alleging racial discrimination. Holmes and Ross filed their charges of discrimination with the Equal Employment Opportunity Commission on November 29, 2006, alleging racial discrimination. By letter dated January 1, 2008, plaintiffs were granted the right to sue.

5.     Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this judicial district.

## PARTIES

6.     At all times material hereto, the plaintiffs, Rodgers, Holmes, Gordon and Ross, were African-Americans residing in the Chicago area.

7.     At all times material hereto defendant AT & T was a public corporation present and doing business in the Chicago area. At all material times hereto AT & T employed more than 500 individuals.

## FACTS COMMON TO ALL COUNTS

8.     Each of the plaintiffs was hired by defendant as systems engineers during the summer of 2006. Each of the plaintiffs was a competent employee who met defendant's performance expectations.

9.     Throughout their employment with defendant, each plaintiff was subjected to racial harassment by his supervisor. Throughout their employment with defendant each plaintiff was subjected to different terms and conditions of employment when compared to white employees.

10.    Brian E. Rodgers was terminated by defendant on November 8, 2006. Jermaine Holmes was terminated by defendant on October 1, 2006. Erick B. Ross and Gordon Marcus were terminated by defendant on October 2, 2006. Each of the plaintiffs was told that he was being laid

off, with the chance to be called back to work. Each of the plaintiffs was, in reality, terminated because of his race.

### COUNT I (Title VII)

11.  Plaintiffs incorporate paragraphs 1 through 10 as if fully set forth here.

12.  As a direct and proximate result of the acts of racial discrimination described above, each of the plaintiffs suffered emotional distress, mental anguish, inconvenience and loss of enjoyment of life.

13.  As a direct and proximate result of the acts of racial discrimination described above each of the plaintiffs has lost income and benefits associated with his employment with defendant.

14.  The actions of the defendant, as described above, were willful, intentional and done with reckless indifference to plaintiffs' federally protected rights. As a result, punitive damages should be awarded in order to punish and deter such conduct.

Wherefore, plaintiffs request the following relief from defendant:

A.  A declaration by this court that plaintiffs have been discriminated against by the defendant in violation of Title VII;

B.  Compensation for all income and benefits lost as a result of defendant's unlawful conduct, including pre-judgment interest;

C.  Reinstatement to their positions as systems engineers with salary and benefits at the level they would have if they had never been terminated; alternatively, that plaintiffs be awarded front pay;

D.  An award of compensatory and punitive damages as permitted by §1977 A of the Civil Rights Act of 1991 in an amount to be determined by the jury;

E. An award of reasonable attorney's fees and costs incurred in this action;

F. For such further relief as this Court deems just.

## COUNT II (§ 1981)

11. Plaintiffs incorporate paragraphs 1 through 10 as if fully set forth here.

12. At all times material hereto plaintiffs had contracts with defendant relative to their employment. Defendant unlawfully terminated said contracts at the time each of the plaintiff's was terminated.

13. As a direct and proximate result of the acts of racial discrimination described above each of the plaintiffs has lost income and benefits associated with his employment with defendant.

14. As a direct and proximate result of defendant's conduct, plaintiffs have endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment.

15. At all relevant times, defendant's actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

Wherefore, plaintiffs request the following relief from defendant:

A. Compensation for all income and benefits lost as a result of defendant's unlawful conduct, including pre-judgment interest;

B. Reinstatement to their positions with salary and benefits at the level they would have if they had never been terminated; alternatively, that defendants be awarded front pay;

C. An award of compensatory and punitive damages as permitted by law, in an amount to be determined by the jury;

D. An award of reasonable attorney's fees and costs incurred in this action;

E. For such further relief as this Court deems just.

<u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38, plaintiff demands trial by jury.

<u>/s/Thomas C. Crooks</u>
Thomas C. Crooks
Attorney for Plaintiffs

Thomas C. Crooks
Attorney at Law
Three First National Plaza
Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile: (312) 641-5220