TCC:st 080818

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARCUS GORDON, BRIAN E. RODGERS,
JERMAINE S. HOLMES and ERICK B. ROSS,

                    Plaintiffs,

        vs.

AT & T ENTERPRISE SERVICES, INC.

                    Defendant.

NO.   08 C 2064

Judge Hibbler

Magistrate Judge Nolan

Motion for Leave to File Second Amended Complaint

Now come the plaintiffs, by and through their attorney, Thomas C. Crooks, and moves this court for leave to file a Second Amended Complaint.  In support of this motion, plaintiffs state as follows:

1.      Plaintiffs seek leave to file an amended complaint in order to correct a typographical error as to the date on the Notice of Right to Sue as well as to correct the name of the corporate defendant.

2.      Counsel for the defendant, AT&T Global Services, L.L.C., has no objection to the granting of this motion.

Wherefore, plaintiffs pray that they be granted leave to file their second amended complaint which is attached here.

                                    Respectfully submitted,

August 18, 2008                         s/ Thomas C. Crooks
                                   Attorney for Plaintiffs

1

Thomas C. Crooks
Attorney for Plaintiffs
Three First National Plaza
Suite 1950
Chicago, Illinois 60602-4298
Telephone: (312) 641-2260
Facsimile:  (312) 641-5220


### CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2008 I filed the foregoing using the CM/ECF system

which will send notification of such filing the attorneys of record.


s/Thomas C. Crooks

Thomas C. Crooks

TCC:st 080701

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARCUS GORDON, BRIAN E. RODGERS,
JERMAINE S. HOLMES and ERICK B. ROSS,

                       Plaintiffs,                NO.   08 C 2064

      vs.

AT & T GLOBAL SERVICES, LLC                 Judge Hibbler

                      Defendant.           Magistrate Judge Nolan

SECOND AMENDED COMPLAINT

Plaintiffs, Marcus Gordon, Brian E. Rodgers, Jermaine S. Holmes and Erick B. Ross, by and

through their attorney, Thomas C. Crooks, complain of the defendant, AT & T Global Services, Inc.

("AT&T"), as follows:

NATURE OF THE ACTION

1.      Plaintiffs bring this civil action for violations of Title VII of the Civil Rights Act of

1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981, based on acts of racial

discrimination in violation of Plaintiffs' rights under federal law and the Equal Protection Clause of

the United States Constitution.

2.      Plaintiffs, all African-American, were hired by AT & T as systems engineers during

the summer of 2006.  Plaintiffs were discriminated against, because of their race, by their supervisor,

in the terms and conditions of their employment throughout the period they worked for AT & T.

Plaintiffs were subsequently terminated from their employment because of their race.

JURISDICTION AND VENUE

3.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3) and 42 U.S.C. §

2000e-5(f).

4.      Rodgers and Gordon filed their charges of discrimination with the Equal Employment

Opportunity Commission on November 28, 2006, alleging racial discrimination.  Holmes and Ross

filed their charges of discrimination with the Equal Employment Opportunity Commission on

November 29, 2006, alleging racial discrimination.  By letter dated January 28, 2008, plaintiffs were

granted the right to sue.

5.      Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C.

§ 1391(b) because the acts complained of occurred in this judicial district.

## PARTIES

6.      At all times material hereto, the plaintiffs, Rodgers, Holmes, Gordon and Ross, were

African-Americans residing in the Chicago area.

7.      At all times material hereto defendant AT & T was a public corporation present and

doing business in the Chicago area.  At all material times hereto AT & T employed more than 500

individuals.

## FACTS COMMON TO ALL COUNTS

8.      Each of the plaintiffs was hired by defendant as systems engineers during the summer

of 2006.  Each of the plaintiffs was a competent employee who met defendant's performance

expectations.

9.      Throughout their employment with defendant, each plaintiff was subjected to racial

harassment by his supervisor.  Throughout their employment with defendant each plaintiff was

subjected to different terms and conditions of employment when compared to white employees.

10.     Brian E. Rodgers was terminated by defendant on November 8, 2006.  Jermaine

Holmes was terminated by defendant on October 1, 2006.  Erick B. Ross and Gordon Marcus were

terminated by defendant on October 2, 2006.  Each of the plaintiffs was told that he was being laid

off, with the chance to be called back to work.  Each of the plaintiffs was, in reality, terminated

because of his race.

COUNT I (Title VII)

11.     Plaintiffs incorporate paragraphs 1 through 10 as if fully set forth here.

12.     As a direct and proximate result of the acts of racial discrimination described above,

each of the plaintiffs suffered emotional distress, mental anguish, inconvenience and loss of

enjoyment of life.

13.     As a direct and proximate result of the acts of racial discrimination described above

each of the plaintiffs has lost income and benefits associated with his employment with defendant.

14.     The actions of the defendant, as described above, were willful, intentional and done

with reckless indifference to plaintiffs' federally protected rights.  As a result, punitive damages

should be awarded in order to punish and deter such conduct.

Wherefore, plaintiffs request the following relief from defendant:

A.     A declaration by this court that plaintiffs have been discriminated against by the

defendant in violation of Title VII;

B.     Compensation for all income and benefits lost as a result of defendant's unlawful

conduct, including pre-judgment interest;

C.     Reinstatement to their positions as systems engineers with salary and benefits at the

level they would have if they had never been terminated; alternatively, that plaintiffs be awarded

front pay;

D.     An award of compensatory and punitive damages as permitted by §1977 A of the

Civil Rights Act of 1991 in an amount to be determined by the jury;

3

E.       An award of reasonable attorney's fees and costs incurred in this action;

F.       For such further relief as this Court deems just.

### COUNT II (§ 1981)

11.      Plaintiffs incorporate paragraphs 1 through 10 as if fully set forth here.

12.      At all times material hereto plaintiffs had contracts with defendant relative to their

employment.  Defendant unlawfully terminated said contracts at the time each of the plaintiff's was

terminated.

13.      As a direct and proximate result of the acts of racial discrimination described above

each of the plaintiffs has lost income and benefits associated with his employment with defendant.

14.      As a direct and proximate result of defendant's conduct, plaintiffs have endured pain,

suffering, mental anguish, emotional distress, humiliation and embarrassment.

15.      At all relevant times, defendant's actions were willful, wanton, intentional and

malicious.  Punitive damages should be awarded in order to punish and deter such conduct.

Wherefore, plaintiffs request the following relief from defendant:

A.       Compensation for all income and benefits lost as a result of defendant's unlawful

conduct, including pre-judgment interest;

B.       Reinstatement to their positions with salary and benefits at the level they would have

if they had never been terminated; alternatively, that defendants be awarded front pay;

C.       An award of compensatory and punitive damages as permitted by law, in an amount

to be determined by the jury;

D.       An award of reasonable attorney's fees and costs incurred in this action;

E.       For such further relief as this Court deems just.

<u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38, plaintiff demands trial by jury.


<u>/s/Thomas C. Crooks</u>
Thomas C. Crooks
Attorney for Plaintiffs


Thomas C. Crooks
Attorney at Law
Three First National Plaza
Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile:  (312) 641-5220